■ In the Matter of ELMER A. GRANCHELLI, Respondent, v FRANK R. DANNA, as Commissioner of Assessment and Taxation of the City of Lockport, et al., Appellants. (Proceeding No. 1, 1978-1979 Assessment.) In the Matter of ELMER A. GRANCHELLI, Respondent, v FRANK R. DANNA, as Commissioner of Assessment and Taxation of the City of Lockport, et al., Appellants. (Proceeding No. 2, 1979-1980 Assessment.) (Appeal No. 1.) — Judgment modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Niagara County, for further proceedings, in accordance with memorandum. All concur, Simons, J. P., not participating. Memorandum: In this tax certiorari proceeding to review assessments, it was error to tax as costs the $350 fee for petitioner's appraiser (see *Matter of Allied Chem. Corp. v Town of Geddes,* 87 Misc 2d 704). We reject petitioner's contention that the allowance can be sustained under subdivision 2 of section 722 of the Real Property Tax Law upon the basis of the confirmed findings of the referee that the assessments in question were grossly discriminatory. Subdivision 2 of section 722 of the Real Property Tax Law does not authorize the award of disbursements. For the two years of grossly discriminatory assessments (1978 and 1979) the statute authorizes a maximum additional allowance of $1,000 — the sum which the court awarded. Accordingly, the matter is remitted for retaxation of the bill of costs by the clerk in accordance with CPLR 8301. (Appeal from judgment of Supreme Court, Niagara County, Hannigan, J. — Real Property Tax Law, art 7.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.